UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JENNIFER J.,

              Plaintiff,

v.

ACTING COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

Case No. 3:24-cv-05395-TLF

ORDER REVERSING AND REMANDING FOR FUTHER PROCEEDINGS

      Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI") and disability insurance benefits ("DIB") Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to the jurisdiction of a Magistrate Judge. Dkt. 2. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 4, Complaint.

      Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v.*

*Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason on which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

## DISCUSSION

1. **Whether the Court should reverse and remand with an order: (a) with directions concerning the ALJ's questions to the Vocational Expert, (b) with specific instructions on the ALJ's scope of remand hearing concerning Dr. Odenthal and plaintiff's daughter's statement, applying the rule of mandate or law of the case; or (c) with an order that the Commissioner must assign a different ALJ for the hearing on remand.**

Plaintiff raises two issues specific to the testimony of the Vocational Expert (V.E.) (see AR 763-772, the V.E.'s testimony). First, plaintiff argues the ALJ harmfully erred by relying on a V.E. opinion that was internally inconsistent and by interjecting the ALJ's own opinion about potential occupations at step five. Second, plaintiff contends the ALJ erred by relying on the V.E.'s testimony even though the testimony conflicted with the Dictionary of Occupational Titles (DOT) and the ALJ did not identify the conflict, and the V.E. did not explain the conflict. Dkt. 9, Opening Brief, at 1. Plaintiff argues the ALJ was biased and a different ALJ should hear a remand.

Defendant agrees that remand is warranted. Dkt. 14, Defendant's Brief, at 2-6. Defendant does not agree that law of the case or the rule of mandate would apply to ALJ's decision about medical evidence from Dr. Odenthal, or plaintiff's daughter's lay witness statements, for the ALJ's scope of remand hearing. Dkt. 14, at 6-8, 10-11. Defendant does not agree that a new ALJ should be assigned to the case on remand. *Id.* at 3-6.

a. <u>Law of the Case; Rule of Mandate</u>

A federal court may provide instructions on remand in Social Security disability review proceedings. Sullivan v. Hudson, 490 U.S. 877, 885-886 (1989), *overruled on other grounds in Shalala v. Schaefer*, 509 U.S. 292. 300 n.4 (1993).

If an ALJ deviates from a court's order of remand, that deviation "is itself legal error, subject to reversal on further judicial review. *Id.* at 886. If a remand order does not contain restrictive language, or if the scope of the remand is expressly made broad, then neither law of the case nor the rule of mandate would constrict the ALJ in a remand hearing. *See Stacy v. Colvin*, 825 F.3d 563, 566, 568-569 (9th Cir. 2016) (the Court of Appeals found the ALJ did not violate the rule of mandate, holding that the remand order must be read holistically, the District Judge's remand order was expansive, not intended to restrict the ALJ from taking new evidence, and essentially remanded on an open record). "[T]he rule of mandate allows a lower court to decide anything not foreclosed by the mandate." *Hall v. City of Los Angeles,* 697 F.3d 1059, 1067 (9th Cir. 2012). The rule of mandate is a jurisdictional rule, but the law of the case doctrine is discretionary and a judicial invention to promote judicial efficiency. *Id.*

Law of the case "generally precludes a court from reconsidering an issue decided previously by the same court or by a higher court in the identical case." *Id*. For the law of the case doctrine to be applied, the Court must consider whether the issue has been explicitly decided, or whether it was by necessary implication decided. *Id.* Law of the case should not be applied if "the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust". *Stacy,* at 567.

In this case, the law of the case doctrine and rule of mandate apply to Judge Theiler's instructions regarding Dr. Odenthal's opinions. Magistrate Judge Mary Alice Theiler decided that the ALJ harmfully erred when the ALJ rejected — without mentioning any reasons for rejecting — Dr. Odenthal's opinions about plaintiff's limitations for lifting, carrying, and reaching. AR 814, ll. 8-10. Although Judge Theiler did not give express instructions concerning the 2012 MRI that had been discussed in Dr. Odenthal's opinion (AR 703) about plaintiff's rotator cuff tear, Judge Theiler did specify that the ALJ failed to articulate how the ALJ considered the supportability factor, and this was harmful error.

Therefore, on remand, the ALJ is bound by law of the case and is required to consider Dr. Odenthal's opinion about plaintifff's limitations for lifting, carrying and reaching – including Dr. Odenthal's discussion of evidence of plaintiff's limitations associated with a shoulder impairment (and any evidence in the administrative record relevant to supportability, concerning these limitations).

Judge Theiler also decided the ALJ harmfully erred by not expressly rejecting – yet not including in the RFC – Dr. Odenthal's opinions about plaintiff's limitations concerning sitting or standing, the need to lie down, and absenteeism. AR 814, ¶. 10-11. This decision is binding on the ALJ on remand, under the law of the case doctrine.

As to the scope of the remand, Judge Theiler instructed: the ALJ is required "to adequately evaluate the persuasiveness of Dr. Odenthal's opinion pursuant to the regulatory factors and reevaluate the RFC as warranted by further consideration of the evidence." AR 815, ¶. 1-3. Under the rule of mandate, the ALJ must comply with these instructions.

As for the statements of plaintiff's daughter, Judge Theiler decided that the ALJ harmfully erred by rejecting lay witness evidence based on the fact that plaintiff's daughter did not have medical training. AR 819, ¶. 17-18. Judge Theiler also decided the ALJ harmfully erred by not giving any germane reason to reject the statements by plaintiff's daughter. AR 820, ¶. 6-7. Judge Theiler did not include specific instructions about the scope of the Commissioner's remand concerning the statements of plaintiff's daughter; Judge Theiler gave a general direction to reevaluate the lay witness testimony. AR 821, ¶. 1-2. The law of the case applies – Judge Theiler specifically ruled the ALJ is required to give a germane reason for discounting or rejecting the statements of plaintiff's daughter.

Although there may be additional evidence in a remand hearing, this does not mean the law of the case doctrine is inapplicable to either Dr. Odenthal's opinions, or the statements of plaintiff's daughter. If the new evidence is substantially different and the difference changes the analysis, then the ALJ would need to discuss how the new evidence affected the review. But the fact that some amount of new evidence is brought to the ALJ's attention, standing alone, does not mean that law of the case doctrine would not apply.

The rule of mandate generally applies to the lay witness evidence, yet there is not a specific direction for the ALJ because Judge Theiler gave expansive direction about re-evaluating the lay witness evidence.

2. <u>The ALJ's discussion with the V.E. about "bench work" and other step five issues was harmful error.</u>

The testimony of a vocational expert is considered "inherently reliable" and would be "ordinarily sufficient by itself to support an ALJ's step-five finding." *Ford v. Saul,* 950

5

1  F.3d 1141, 1160 (9th Cir. 2020). The substantial evidence test, as applied to the ALJ's
2  review of evidence presented by a V.E., "must proceed on a 'case-by-case' basis,
3  taking 'into account all features of vocational expert's testimony, as well as the rest of
4  the administrative record.'" *White v. Kijakazi,* 44 F.4th 828, 837 (9th Cir. 2022), (quoting
5  *Biestek v. Berryhill,* 587 U.S. 97, 108 (2019)). The Court in *Ford* stated that if the V.E.'s
6  opinion does not have "markers of reliability" or "the expert has no good reason to keep
7  the data private", or the testimony of the V.E. "is so feeble, or contradicted, that it would
8  fail to clear the substantial-evidence bar", then the V.E.'s testimony would not qualify as
9  substantial evidence. *Ford,* 950 F.3d at 1155-1156, 1159; *see also Erickson v. Saul,*
10 840 Fed. Appx. 167, 168 (9th Cir. 2021) (Holding that the ALJ improperly relied on
11 V.E.'s opinion without resolving doubts about the accuracy of the V.E.'s job estimate,
12 and ALJ cited evidence from a Bureau of Labor Statistics Report that was not part of the
13 record; error was harmful, the Ninth Circuit reversed and remanded).

14     Evidence presented by a V.E. is inherently reliable but not incontestable. *Buck v.*
15 *Berryhill,* 869 F.3d 1040, 1051 (9th Cir. 2017). If plaintiff's counsel presents competing
16 estimates of available jobs, and the estimates are different from the V.E.'s estimates
17 based on uninterpreted raw data or a different methodology, this would not constitute
18 significant probative evidence and no remand would be necessary. *See Wischmann v.*
19 *Kijakazi,* 68 F.4th 498, 506-508 (9th Cir. 2023); *Kilpatrick v. Kijakazi,* 35 F.4th 1187,
20 1193 -1195 (9th Cir. 2022).

21     The burden of proof is on the Social Security Administration at step five of the
22 five-step review process, to show the claimant can perform other jobs in the national
23 economy that exist in significant numbers. *Thomas v. Barnhart,* 278 F.3d 947, 955 (9th

1  Cir. 2002). In doing so, the Commissioner has relied on testimony from a V.E. and the
2  Dictionary of Occupational Titles (DOT). 20 C.F.R. § 404.1520(a)(4)(v), §404.1560,
3  §404.1566(e). SSR 00-4p, 2000 WL 1898704, at *3 (Dec. 4, 2000). An ALJ may take
4  administrative notice of any reliable job information. *See Bayliss v. Barnhart,* 427 F.3d
5  1211, 1218 (9th Cir. 2005).
6        To obtain a different ALJ on remand, the plaintiff is required to show actual bias.
7  *Bunnell v. Barnhart*, 336 F.3d 1112, 1115 (9th Cir. 2003). ALJ's are presumed to not be
8  biased. *Rollins v. Massanari,* 261 F.3d 853, 857 (9th Cir. 2001). Plaintiff could show
9  prejudice if "the ALJ's behavior, in the context of the whole case, was 'so extreme as to
10 display clear inability to render fair judgment.'" *Id.* at 858.
11       "A favorable or unfavorable predisposition can . . . deserve to be characterized
12 as 'bias' or 'prejudice' because, even though it springs from the facts adduced or the
13 events occurring at trial, it is so extreme as to display clear inability to render fair
14 judgment." *Liteky v. U.S.,* 510 U.S. 540, 551 (1994). Judicial rulings standing alone are
15 normally not enough to show bias. *Id.* at 555. "[A] deep-seated favoritism or
16 antagonism that would make fair judgment impossible" may establish bias, whether it is
17 related to something outside the proceeding or during that proceeding. *Id.*
18       The V.E. stated that three occupations would be within the RFC, all classified in
19 the DOT as "light". Dkt. 9 at 3. The V.E. stated all these occupations would require
20 standing. AR 767. The V.E. failed to answer plaintiff's representative's question about
21 what the minimum standing expectation would be for any of the occupations. AR 767-
22 768. The V.E. said some research would be required, the minimum standing

requirement would be different as to each occupation, and she "would have to look it up for each. . . individual job . . . to get a specific percentage." AR 768.

The ALJ stated that the occupations testified to by the V.E. all required some standing, but then the ALJ commented that the office helper occupation would require some walking, but the garment sorter occupation would allow workers to sit for their entire shift. AR 767, 768.

Plaintiff's representative asked the V.E., "Do you think it would reduce the number of jobs that you've identified if you were to factor in the individual may sit throughout the day or the majority of the day?" AR 769. The V.E. responded, "It would, but I can't tell you what the numbers would be." AR 769. The V.E. then said, "But it would definitely affect the position if the person sat all day in a light position – in a job that is considered light." AR 769.

The ALJ asked the V.E. whether there were some occupations considered to be "benchwork" and, "if you have one of these benchwork jobs, if you chose to sit on the stool all day long, you could do that, right?" and the V.E. responded, "Yes". AR 769-770. The V.E. stated that marker and garment sorter would be considered benchwork, but office helper would not. AR 770.

The ALJ asked, "But if you have one of these benchwork jobs, if you chose to sit on the stool all day long, you could do that, right?" and the V.E. answered, "Yes". The ALJ also asked, "Or if you chose to stand up the entire day, you could do that, correct?" AR 769-770. The V.E. said, "Correct".

The ALJ asked whether the V.E. was aware of any jobs with minimum sitting and standing requirements. AR 770-771. The V.E. stated that "I don't – I'm sure that there

are jobs in the economy that would require a minimum," but said it was impossible for her to identify those jobs "at this moment". AR 771. The V.E. also stated, "Marker and sorter would fall into that category of not having – you could sit all day." AR 771.

The ALJ found plaintiff could adjust to the representative occupations of marker, garment sorter, and office helper. AR 740-741. The ALJ decided that office helper required "some walking" but garment sorter and marker were "considered benchwork and could potentially be performed with sitting or standing all day." AR 741.

In this case, the ALJ harmfully erred by not resolving the V.E.'s confusing and conflicting assessments of the number of jobs estimated to be available that plaintiff could perform, and by relying on evidence about benchwork, that was outside the record and had not been discussed by the V.E. See *Erickson v. Saul,* 840 Fed. Appx. 167, 168 (9th Cir. 2021). On remand, the Commissioner is directed to resolve the internal inconsistencies in the V.E.'s opinion evidence, and the Commissioner is cautioned not to insert evidence outside the administrative record and has not been brought forth by the V.E. in their testimony.

Although ALJ harmfully erred by questioning the V.E. in this way, it is not a basis for a finding of actual bias. Because in the context of the entire record, the ALJ's error was not "so extreme as to display clear inability to render fair judgment," the Court declines to order that a new ALJ should be assigned. *Liteky v. U.S.,* 510 U.S. 540, 551 (1994); *Rollins v. Massanari,* 261 F.3d 853, 857 (9th Cir. 2001).

CONCLUSION

For those reasons, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings.

The Commissioner must conduct a de novo hearing on remand, and is bound by law of the case and the rule of mandate. The Commissioner will allow plaintiff to introduce additional relevant evidence. The ALJ needs to consider Dr. Odenthal's opinions regarding plaintifff's limitations for lifting, carrying and reaching – including Dr. Odenthal's discussion of evidence of plaintiff's limitations associated with a shoulder impairment (and any evidence in the administrative record relevant to supportability, concerning these limitations). AR 814, ¶. 8-10. Likewise, the ALJ is ordered to consider Dr. Odenthal's opinions about plaintiff's limitations concerning sitting or standing, the need to lie down, and absenteeism. AR 814, ¶. 10-11. The ALJ is required "to adequately evaluate the persuasiveness of Dr. Odenthal's opinion pursuant to the regulatory factors and reevaluate the RFC as warranted by further consideration of the evidence." AR 815, ¶. 1-3.

If, as part of any remand hearing, step five analysis is again conducted, the ALJ is directed to resolve the internal inconsistencies in the V.E.'s opinion evidence. The ALJ is not allowed to add new evidence (evidence comes in through the process of preparing the AR, and by testimony during the hearing) and the ALJ shall not refer to evidence that is outside the administrative record and that has not been brought forth by the V.E. in their testimony. *White v. Kijakazi,* 44 F.4th at 837; *Ford v. Saul,* 950 F.3d at 1155-1156, 1159; *Erickson v. Saul,* 840 Fed. Appx. at 168.

Dated this 6th day of March, 2025.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge